# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SHAUN J. MATZ,

                        Petitioner,

                                                                Case No.  08-C-294

            -vs-

MICHAEL THURMER,

                        Respondent.

## DECISION AND ORDER

Now before the Court is Shaun Matz's ("Matz") petition under 28 U.S.C. § 2254 to vacate, set aside, or correct his sentence. For the reasons that follow, Matz's petition is denied.

## BACKGROUND

Matz was involved in two shooting deaths for which he initially took sole responsibility. Matz was a member of the Latin Kings street gang, and he told police that one of the gang members, Javier Salazar ("Salazar"), had "gotten into it" with Omar Rodriguez ("Rodriguez"), who was not a gang member. About two weeks later, when Matz and other gang members were driving down a street, Matz saw Rodriguez coming out of a bar. He told police that he took a pistol from the car, intercepted Rodriguez and fired the pistol at Rodriguez, emptying it. Rodriguez died from the wounds. Matz subsequently recanted his role as the shooter and implicated Salazar, but admitted that he was present for the killing.

Matz also initially admitted to shooting Victorino Mariano ("Mariano") in the course of a robbery. According to Matz's statement to police, Mariano was apparently walking down the street drunk. Matz approached him, put a gun to his head, and told Mariano to give up his wallet. Matz told police that when Mariano resisted, he shot Mariano in the eye and took his wallet. Again, Matz subsequently recanted this confession and identified Salazar as the actual shooter. Matz admitted, however, that he was present at the shooting and that he knew Salazar was going to rob Mariano.

Matz pled guilty to one count first-degree reckless homicide and one count felony murder, with armed robbery as the underlying crime. Between the two counts, the Milwaukee County Circuit Court sentenced him to a total of sixty years imprisonment and forty-five years extended supervision.

On direct appeal, Matz's counsel filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Wisconsin Court of Appeals affirmed the conviction, concluding that: (1) the trial court correctly denied Matz's motion to suppress his custodial statement; (2) Matz knowingly, voluntarily and intelligently entered his pleas; and (3) the trial court properly exercised its sentencing discretion.

The appellate court also concluded that there were "no other issues of potentially arguable merit." Therefore, the court did not address various arguments raised by Matz in response to the no-merit brief, including Matz's claim that his trial counsel was ineffective for failing to request a competency exam. Matz's petition for review to the Wisconsin Supreme Court was denied.

-2-

Then, Matz filed a Motion for post-conviction relief in circuit court. The trial court declined to provide additional review of claims already litigated on direct appeal. Matz also argued that his post-conviction/appellate counsel was ineffective for failing to raise the issue of competency, but the trial court held that this claim was barred by the rule of *State v. Escalona-Naranjo*, 185 Wis. 2d 169, 178 (1994) (barring review of claims that could have been raised in original motion or appeal). Matz did not appeal this ruling.

## ANALYSIS

Federal courts must deny a petition for habeas corpus with respect to any claim adjudicated on the merits in a state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if it was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).

A decision is "contrary to" federal law when the state court applies a rule that "contradicts the governing law set forth by the Supreme Court," or when an issue before the state court "involves a set of facts materially indistinguishable from a Supreme Court case," but the state court rules a different way. *Boss v. Pierce*, 263 F.3d 734, 739 (7th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

Matz challenges the trial court's failure to suppress statements that he made after the alleged invocation of his *Miranda* rights. As noted by the court of appeals, "the circuit court found the police version of Matz's interrogation credible, and it found incredible Matz's

-3-

testimony that even though he persistently requested counsel, the police continued the interrogation."

Matz continues to insist that he actually invoked his right to counsel and his right to silence. Matz provides evidence to support his assertion, and it is unclear if any of this evidence was actually presented at the circuit court's suppression hearing. Even if it was presented at the suppression hearing, and even if it somehow contradicted the trial court's factual findings, Matz fails to establish that the trial court made an unreasonable determination of fact. Therefore, habeas relief is foreclosed on this claim.

Matz also argues that his trial and appellate counsel were ineffective for failing to raise the issue of his competency. Matz did not appeal the circuit court's dismissal of his claim for ineffective appellate counsel. Therefore, Matz failed to exhaust his state court remedies, *see* 28 U.S.C. § 2254(b)(1)(A), and the Court cannot consider this aspect of Matz's ineffective assistance claim. *See Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005) (fair presentment requires one complete round of state court review).

As for the remainder of Matz's ineffective assistance claim, Matz must demonstrate that his attorney's performance was deficient, and also that this deficient performance was prejudicial. This analysis begins with a "strong presumption in favor of adequate assistance, [and] then determines whether these acts or omissions fall outside of the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984); *Rutledge v. United States*, 230 F.3d 1041, 1049 (7th Cir. 2000).

-4-

Matz offers evidence that his mental competency was "in question" at or around the time he entered his guilty plea. Matz must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Matz fails to overcome this presumption, especially in light of the difficulty in establishing an insanity defense. Matz also failed to demonstrate that his counsel's strategic decision was prejudicial in any way.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Matz's petition for a writ of habeas corpus is **DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2008.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**